UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNN S. FOUST<br>As substitute party for<br>JEFFERY D. FOUST<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of<br>Social Security Administration<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.  4:19-CV-933 RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff Lynn Foust, as a substitute party for her late husband Jeffery Foust, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Commissioner's ("Commissioner") decision to deny his applications for disability insurance benefits and supplemental security income. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I affirm the decision.

## PROCEDURAL HISTORY

On February 4, 2016, Jeffery Foust filed a Title II application for disability insurance benefits. His claim was initially denied on March 30, 2016, and he filed

1

a written request for a hearing on April 21, 2016. The hearing was held on January 9, 2018. Jeffery Foust died on February 10, 2018, and his widow filed a substitution of party on March 6, 2018. The Administrative Law Judge ("ALJ") issued a partially favorable decision on June 5, 2018, finding Jeffery Foust established a disability beginning on January 5, 2018. The plaintiff timely appealed, and the Appeals Counsel affirmed the ALJ's opinion on February 21, 2019. The plaintiff then timely filed this case seeking judicial review of the Commissioner's decision.

In this action for judicial review, Foust argues that the ALJ failed to properly evaluate step two of the sequential evaluation process when she determined that the claimants' gout and rheumatoid arthritis were non-severe. She also argues that they ALJ failed to fully and fairly develop the record.

## MEDICAL RECORDS AND OTHER EVIDENCE BEFORE THE ALJ

With respect to the medical records and other evidence of record, I adopt Foust's recitation of facts set forth in the Statement of Uncontroverted Material Facts, ECF No. [15], to the extent they are admitted by the Commissioner, ECF No. [17-1].[1]  I also adopt the additional facts set forth in the Commissioner's Statement of Additional Facts, ECF No. [27-2], as they are unrefuted by Foust.

---

[1] The Commissioner makes a number of clarifications regarding which records were considered by the ALJ and exhibited by the Appeals Council.

Additional specific facts will be discussed as needed to address the parties' arguments.

## ALJ DECISION

The ALJ determined that the plaintiff was not under a disability as defined in the Social Security Act until January 5, 2018. Since the plaintiff alleged an onset date of August 18, 2014, the ALJ conducted two separate analyses. The first considered the plaintiff's condition from August 18, 2014 until January 4, 2018, and the second considered his condition after January 5, 2018, when he was diagnosed with metastatic bladder cancer.

First the ALJ determined that the plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity after the established onset date of January 5, 2018. The ALJ next determined that since the alleged onset date the plaintiff has suffered from the following severe impairments: degenerative disc disease of the lumbar spine, polyarthritis due to degenerative joint disease and osteoarthritis of the hands. Beginning on January 5, 2018, the plaintiff also suffered from the severe impairment of metastatic bladder cancer.  The ALJ also found that although the plaintiff had been diagnosed with hypertension and gout, these impairments were non-severe.  Next the ALJ determined that prior to January 5, 2018, the plaintiff did not have an impairment or combination of impairments that met or medically

3

equaled the severity of a listed impairment in 20 CFR Part 404. Next, based on the record, the ALJ determined that prior to January 5, 2018, the plaintiff had an RFC to perform medium work as defined in 20 CFR 404.1567(c), except he could frequently climb ladders, ropes, scaffolds, ramps and stairs and could frequently operate bilateral hand and foot controls and could frequently balance. Based on this RFC, the ALJ determined the plaintiff was capable of performing past relevant work. Finally, the ALJ found that beginning January 5, the plaintiff's impairment met the criteria of section 13.22 of 20 CFR Part 404 Subpart P, Appendix 1. Accordingly, the ALJ found the plaintiff became disabled on January 5, 2018, but was not disabled prior to that date.

## LEGAL STANDARD

To be entitled to disability benefits, a claimant must prove that they are unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) he is not currently engaged in substantial gainful activity, (2) he suffers from a severe impairment, and (3) his disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four (4) requires the Commissioner to consider whether the claimant retains the RFC to perform his past relevant work. Id. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his past relevant work. Pate-Fires, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to past relevant work, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity (RFC) to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ is required to evaluate the credibility of a claimant's testimony, including the claimant's subjective complaints of pain. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). In so doing, the ALJ is not permitted to ignore the claimant's testimony even if it is inconsistent with objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). After considering the claimant's testimony, the ALJ may disbelieve it if it is inconsistent with the record as a whole. Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). To properly

evaluate the claimant's subjective complaints, the ALJ must consider the factors enumerated in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984):

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

Id. at 1322. While the ALJ must consider the Polaski factors, she need not enumerate them specifically. Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). When the ALJ explicitly disbelieves the claimant's testimony and gives good reasons for such disbelief, a reviewing court will typically defer to the ALJ's finding. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility to develop the record fully and fairly in the course of the non-adversarial administrative hearing. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence

6

is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision.  Id.  As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently.  See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011).  I must "defer heavily to the findings and conclusions of the Social Security Administration."  Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## DISCUSSION

The plaintiff focuses his argument on the ALJ's analysis of his gout and rheumatoid arthritis. First, the plaintiff contends that the ALJ erred by determining that his gout was non-severe and failing to discuss his rheumatoid arthritis. The plaintiff also argues that the ALJ failed to fully and fairly develop the record.

### Failure to Properly Evaluate Step Two

"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. While a claimant has the burden of showing a severe impairment that severely limits his physical or mental ability to perform basic work activities, the burden "is not great" and "[t]he sequential evaluation process may be terminated at step two only when the claimant's impairment or

7

combination of impairments would have no more than a minimal impact on [his or her] ability to work." Caviness v. Massinari, 250 F.3d 603, 605 (8th Cir. 2001). Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b).

The ALJ determined at step two that the plaintiff's gout and rheumatoid arthritis were non-severe, but she also found that the plaintiff had the sever impairments of degenerative disc disease of the lumbar spine, polyarthritis due to degenerative joint disease and osteoarthritis of the hands.  Therefore, the evaluation process was not terminated, and any error the ALJ made in determining the severity of the plaintiff's impairments was harmless unless she failed to consider the plaintiff's non-severe impairments in her subsequent analysis. See Brockman v. Berryhill, No. 2:16-CV-32-JAR, 2017 WL 4339502, at *4 (E.D. Mo. Sep. 29, 2017), Hankinson v. Colvin, No. 4:11–CV–2183–SPM, 2013 WL 1294585, at *12 (E.D. Mo. Mar. 28, 2013) ("[F]ailing to find a particular impairment severe does not require reversal where the ALJ considers all of a claimant's impairments in his or her subsequent analysis."); Givans v. Astrue, No. 4:10–CV–417–CDP, 2012 WL 1060123, at * 17 (E.D. Mo. Mar. 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's mental impairments to be severe, the error was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-

severe impairments when determining the RFC); see also 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

Here, the ALJ considered the plaintiff's non-severe impairments of gout and rheumatoid arthritis in her later analysis of the plaintiff's RFC. In particular, the ALJ stated she considered the entire record when determining the plaintiff's RFC. Tr. at 128. She noted in her opinion that the claimant testified that he was unable to work due to chronic pain caused by arthritis and gout but found that the medical evidence did not fully support the alleged persistence and intensity of the symptoms. Tr. at 129. Additionally, the ALJ discussed at length the plaintiff's medical history, including his gout flare ups and his reduced grip. Tr. at 130. Finally, although the ALJ did not expressly mention the plaintiff's rheumatoid arthritis in her RFC determination, she did discuss the plaintiff's joint pain, range of motion, and swelling. Tr. at 130. "An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Wildman v. Astrue, 596 F.3d. 959, 966 (8th Cir. 2010). Therefore, the ALJ's determination that the plaintiff's gout and rheumatoid arthritis were non-severe is harmless.

Failure to Develop the Record

The plaintiff contends that the ALJ failed to fully and fairly develop the record because the ALJ's RFC determination does not rely on any medical evidence that addresses the plaintiff's physical ability to function in the workplace. Therefore, according to the plaintiff, the ALJ should have obtained additional medical evidence that addressed the plaintiff's ability to function.

A claimant's RFC is a medical question, so the ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016). But "there is no requirement that an RFC finding be supported by a specific medical opinion." Id. In the absence of medical opinion evidence, "medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." Id. (citing Johnson v. Astrue, 628 F.3d 991, 995 (8th Cir. 2011)). So long as other evidence in the record provides a sufficient basis for their decision, the ALJ does not need to seek additional evidence. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) and Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004).

In this case, the ALJ's decision is supported by substantial evidence, which the ALJ cited in her opinion. Tr. at 129-130. Despite the lack of medical opinion evidence, the ALJ was able to rely on medical records detailing the plaintiff's

symptoms and medical history. The Eighth Circuit has held that where the medical evidence "is 'silent' with regard to work-related restrictions such as the length of time [a claimant] can sit, stand and walk and the amount of weight [h]e can carry," the fault is not necessarily the ALJ's. See Steed v Astrue, 524 F.3d 872, 876 (8th Cir. 2008). "Rather, it is the claimant's burden to prove disability, and "[a]t the very least, the claimant's failure to provide medical evidence with this information should not be held against the ALJ when there *is* medical evidence that supports the ALJ's decision." Remelius v. Saul, No. 4:18-cv-1105-AGF, 2019 WL 4141034 (E.D. MO. Aug. 30, 2019).

Here, there is medical evidence that supports the ALJ's conclusion that the plaintiff's symptoms were not as persistent and limiting as the plaintiff claimed. The ALJ cited medical records indicating only mild degenerative changes in the plaintiff's left wrist, no instability or deformity in the plaintiff's joints, normal muscle strength, a lack of swelling in most joints, only mild to moderate pain, and a consistent grip strength. Tr. at 130. Additionally, the plaintiff's testimony about his day to day activities supported the ALJ's determination that the plaintiff was not disabled. Tr. at 129-30. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011).

## CONCLUSION

The ALJ's determination that Jeffery Foust was not disabled is supported by substantial evidence. The ALJ's written decision is clear, well-reasoned, and complies with the relevant laws and regulations.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed, and Plaintiff's complaint is **DISMISSED** with prejudice.

A separate judgment is issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May 2020.